■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY C. SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in admitting on redirect examination a prior consistent statement of Deputy Richards. We agree. A party may not bolster the testimony of his witness through the use of prior consistent statements unless the witness's testimony has been attacked as a recent fabrication *(People v Fagan,* 104 AD2d 252, 256, *affd* 66 NY2d 815). Defendant's cross-examination of Richards pointed out inconsistencies between his testimony and prior affidavit, but did not charge that the witness's testimony was a recent fabrication; i.e., a false story made up well after the event, to permit the introduction of prior consistent statements *(People v Davis,* 44 NY2d 269, 277-278). Even though this admission was error, we find the error to be harmless *(People v Crimmins,* 36 NY2d 230, 242). There was overwhelming evidence of defendant's guilt based on the credible evidence of Mr. Brown and two Sheriff's Deputies who were present when defendant attacked and threatened Brown with physical injury if he testified against him. In view of the overwhelming evidence, the introduction of Richards' prior consistent statement was of little consequence and there was no significant probability that the jury would have acquitted defendant but for this error.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Burke, J.—tampering with a witness,

third degree, and another offense.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.