■ The People of the State of New York, Respondent, v Dealton Brantley, Appellant.—Judgment unanimously affirmed. Memorandum: During the trial, a prosecution witness informed the prosecutor that he recognized one of the jurors as being a friend of his mother. The prosecutor immediately informed defense counsel and the Trial Judge, who examined the juror in the presence of counsel. She revealed that she had been friends with the witness's mother 20 years ago, but that she hardly knew the witness, recognizing him because he resembled his father. She unequivocally stated that her past friendship with the witness's mother would not affect her ability to be impartial.

The court properly denied defendant's motion for a mistrial. During trial, a juror may be discharged only if that juror "is grossly unqualified to serve in the case" (CPL 270.35). Following a colloquy, the court determined that the juror did not possess " ' "a state of mind which would prevent the rendering of an impartial verdict" ' " (People v Rodriguez, 71 NY2d 214, 219), and the court's determination is supported by the record (People v Rodriguez, supra, at 220).

Defendant argues that reversal is required because the court conducted a portion of voir dire at the Bench outside of defendant's presence. By failing to object to this procedure, defendant has failed to preserve this issue for review (see, People v Dunlap, 161 AD2d 1114; People v Blake, 158 AD2d 979, lv denied 75 NY2d 964).

The court erred by permitting the prosecutor to bolster a witness's testimony by admitting a prior consistent statement, even though that testimony had not been attacked as a recent fabrication; however, we conclude that this error was harmless (see, People v Smith, 136 AD2d 935, lv denied 71 NY2d 903). While the court failed specifically to instruct the jury that the prosecutor's case was based entirely upon circumstantial evidence, defendant, by failing to object to the charge as given, has failed to preserve any alleged error for review. We decline to reach the issue in the interest of justice, because the court's instructions defining circumstantial evidence and setting forth the strict "moral certainty" test to be applied in cases based solely upon circumstantial evidence adequately conveyed to the jury the proper standard to be applied by them when analyzing the proof in this case.

The proof, when viewed in the light most favorable to the People, is legally sufficient to support the conviction for possession of a controlled substance in the fourth degree. We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—criminal possession of controlled substance, fourth degree.) Present—Dillon, P. J., Callahan, Doerr, Green and Lawton, JJ.