■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McGEE, Appellant.—Judgment unanimously affirmed. Memorandum: We remitted this matter to reopen the Huntley hearing (People v Huntley, 15 NY2d 72) so that we could determine whether defendant's written statement was taken in violation of his right to counsel (People v McGee, 155 AD2d 878). However, because People v Bartolomeo (53 NY2d 225) has been overruled by People v Bing (76 NY2d 331, rearg denied sub nom. People v Cawley, 76 NY2d 890), and Bing

applies retroactively *(People v Brown,* 171 AD2d 1038 [decided herewith]), defendant's contention that there was a *Bartolomeo* violation does not provide a basis to suppress his written statement.

There is no merit to defendant's further argument that the failure of one of the victims to identify defendant's photograph during the Grand Jury proceedings constituted *Brady* material that should have been disclosed to him; the Grand Jury minutes were provided to defendant at trial and he had the opportunity to cross-examine that witness *(see, People v Cortijo,* 70 NY2d 868, 870). Defendant's additional contention that a *Wade* hearing should have been held also lacks merit because the witness failed to make a pretrial identification *(see, People v Monroig,* 111 AD2d 935, *lv denied* 66 NY2d 921) and defendant did not request a *Wade* hearing once the in-court identification by that witness had been made *(cf., People v Williams,* 146 AD2d 661, 662). (Resubmission of Appeal from Judgment of Supreme Court, Erie County, Sedita, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Doerr, Denman, Pine and Lawton, JJ.