■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN FERGUSON, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J., at *Wade* hearing; Martin Rettinger, J., at bench trial and sentence), convicting defendant of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a predicate felony offender, to concurrent terms of imprisonment of from 12½ to 25 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

At approximately 1:30 P.M. on September 13, 1987, near the corner of 115th Street and Lenox Avenue in Manhattan, the deceased, a 15 year old youth, was shot once in the center of the forehead at extremely close range, estimated by a forensic expert to be 30 inches. Defendant was identified as the shooter by Frederick Jefferson and Earl Howard, both of whom knew defendant from the neighborhood. Defendant presented two defenses. Alibi witnesses testified that he was in Ohio at the time of the shooting, while David Finey, another neighborhood resident, claimed that Shawn Moe had admitted the shooting. After bench trial, defendant was acquitted of intentional murder, and convicted of manslaughter in the first degree.

Defendant's guilt was established beyond a reasonable doubt and supported by the weight of the evidence. The credibility of the witnesses was an issue for the trier of the facts *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985). There was a rational basis to reject the testimony of the alibi witnesses, who had an obvious bias in favor of defendant. The trier of the facts could likewise have found Finey's testimony suspect, since he was recruited by defendant as a witness after they met in prison on Rikers Island.

Defendant also argues that having been acquitted of murder, the manslaughter conviction is against the weight of the evidence absent proof of an intent to cause serious physical injury *instead of,* and not concomitantly with, an intent to cause death. However, because defendant affirmatively requested a manslaughter charge, he cannot now be heard to complain that such was considered by the trial court. Moreover, the danger attendant upon charging a lesser included

offense—that the jury would be invited to bring in a compromise verdict—was not present at this bench trial *(People v Dugarm,* 49 AD2d 674, 675).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.