■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROOKS, Appellant. [604 NYS2d 219] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered June 30, 1992, convicting him of robbery in the second degree (two counts), and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was denied a fair trial when the court refused to provide him with unrestricted access to the records of the victim's psychiatric hospitalization, which took place five months after the events that formed the basis for the defendant's conviction. The court conducted an in camera review of the records and furnished the defense with information from which it was able to elicit testimony that the victim had been admitted to the psychiatric facility, that he had heard voices of people whom he had thought were pursuing him, that he had been fearful of another assault, and that he had been seeing things that were not there.

In this case, the court provided the defendant with ample information from the victim's psychiatric records to permit meaningful cross-examination. There is no basis to conclude that the defendant was entitled to any additional information from records that are confidential and are to be disclosed only when their confidentiality is significantly outweighed by the interests of justice *(People v Arnold,* 177 AD2d 633; *see also,* Mental Hygiene Law § 33.13 [c]).

We have considered the defendant's remaining contentions

and find them to be unpreserved for appellate review and, in any event, without merit *(see,* CPL 470.05 [2]). Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.