■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVARADO, Appellant. [624 NYS2d 489] —Judgment unanimously affirmed. Memorandum: Defendant contends that, because there was no proof that he recklessly caused the death of the victim, Supreme Court erred in submitting the crime of manslaughter in the second degree (Penal Law § 125.15 [1]) to the jury as a lesser included offense of murder in the second degree (Penal Law § 125.25 [2]). There is no merit to that contention. By affirmatively requesting that the court charge manslaughter in the second degree as a lesser included offense, defendant waived any claim of error in connection with the submission of that offense to the jury *(see, People v Shaffer,* 66 NY2d 663; *People v Ford,* 62 NY2d 275, 283; *People v Green,* 205 AD2d 637, 638; *People v Terry,* 180 AD2d 700; *People v Ferguson,* 178 AD2d 149, *lv denied* 79 NY2d 919, 1000). Furthermore, were we to reach the merits, we would conclude that the evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to establish that defendant acted "recklessly" when he shot the unarmed victim in an effort to protect himself (Penal Law § 125.15 [1]).

Likewise, there is no merit to the contention that the prosecutor exercised her peremptory challenges in a racially discriminatory manner in violation of *Batson v Kentucky* (476 US 79). Even assuming, arguendo, that defendant established a prima facie case of discrimination, the prosecutor gave a "satisfactory nondiscriminatory explanation" for excusing the

jurors in question *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352; *see, People v Roberts,* 204 AD2d 974, *lv denied* 84 NY2d 871). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Manslaughter, 2nd Degree.) Present— Green, J. P., Pine, Callahan, Doerr and Davis, JJ.