◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. SHAFFER, JR., Appellant. [636 NYS2d 162] —Mercure, J. P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 21, 1994, upon a verdict convicting defendant of the crime of burglary in the second degree.

On April 8, 1993, someone entered Nancy Slater's apartment at 20 Conklin Avenue in the City of Binghamton, Broome County, and took her bicycle, camera and camera bag. Subsequent police investigation established that defendant, Slater's upstairs neighbor, sold the stolen items to the nearby "Y-Not Swap Shop" the same day. When interrogated by Police Investigator Richard Stoll, defendant stated that he purchased the items from a friend, Ken House, for $20 on April 9, 1993. Defendant further stated that he sold the property to the "Y-Not Swap Shop" for $15 a day or so later because he needed the money. While confined in jail pending trial, defendant asked Ronald Dickson, a former relative by marriage, to provide him with an alibi for the morning of April 8, 1993 and admitted to Dickson that he committed the burglary and sold the stolen property to the swap shop. Convicted after trial of burglary in the second degree and sentenced as a second felony offender to a prison term of 4 to 8 years, defendant now appeals.

We affirm. Initially, we reject the contention that County Court was required to grant a mistrial because of Stoll's unsolicited and unquestionably improper testimony that, when he called defendant's attention to the inconsistency between his statement that he bought the property from House on April 9, 1993 and the signed receipt produced by the swap shop, establishing that defendant sold the stolen items on April 8, 1993, defendant became upset and indicated that he did not want to answer any more questions and that he wanted to speak with his attorney (see, People v De George, 73 NY2d 614). Significantly, County Court immediately instructed the jury to disregard this testimony and offered to give further curative

instructions (the offer was refused by defendant), and no further reference was made to the utterance during the course of the trial. Under the circumstances, and in view of the overwhelming evidence of defendant's guilt, we conclude that the reference was not of such a magnitude as to deprive defendant of a fair trial and, therefore, that County Court did not abuse its discretion in denying defendant's request for a mistrial (*see, People v Fischman*, 191 AD2d 841, 843, *lv denied* 81 NY2d 1013).

Nor are we persuaded that County Court erred in denying defendant's request for a missing witness charge with respect to House. We agree with County Court that, in view of the uncontroverted evidence that defendant sold the stolen property to the swap shop on April 8, 1993, there was no "material issue" as to whether defendant purchased the items from House the *following* day (*see, People v Gonzalez*, 68 NY2d 424). Clearly, Stoll's testimony as to defendant's statement concerning his purchase of the stolen property from House was offered not for its truth but merely to show that defendant gave a patently false explanation for his admitted possession of the stolen property. Thus viewed, the "material" issue is not whether defendant bought the property from House but whether he *said* that he did, an issue on which House was not knowledgeable (*see, supra*, at 427-428; *People v Almodovar*, 62 NY2d 126, 132-133).

Finally, the record does not support defendant's contention that he received ineffective assistance by virtue of trial counsel's failure to move to dismiss the indictment on statutory speedy trial grounds (CPL 30.30), and defendant's challenge to County Court's charge on the inference to be drawn from defendant's recent possession of stolen property was not preserved for review by timely challenge and is found to lack merit in any event.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.