■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH O'KANE, Appellant. [655 NYS2d 476] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered January 16, 1996, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, and resentencing him to concurrent prison terms of 4 to 12 years, 4 to 12 years, 3 to 9 years and 1 year, respectively, unanimously affirmed.

The count charging criminal possession of a weapon in the fourth degree, which related to the recovery of a knife from the codefendant after defendant displayed it while huddled in conversation with the codefendant and two other men, was based on legally sufficient evidence, and was properly joined pursuant to CPL 200.20 (2) (b). This incident was probative of defendant's consciousness of guilt with respect to the shooting four months earlier (*People v Bongarzone*, 69 NY2d 892) and the shooting incident in turn helped explain defendant's motive in displaying the knife to the shooting victim's brother (*see, People v Zorilla*, 211 AD2d 582, 583).

The court properly exercised its discretion in refusing to grant defendant's mid-trial request for a continuance to await the arrival of a retired detective who was then out of the jurisdiction, in order to elicit testimony which the court properly found to be insufficiently material to warrant such a continuance (*see, People v Foy,* 32 NY2d 473; *People v Covington,* 233 AD2d 169).

Where the codefendant was being tried *in absentia,* the court properly declined to allow defendant to elicit evidence of his flight as indicative of his consciousness of guilt since, under the facts, the codefendant's guilt did not tend to exculpate defendant (*compare, People v Ofunniyin,* 114 AD2d 1045).

The court properly responded to jury notes. The court was not required to inform defendant of its intention to seek a clarification about a note from the jury which it showed to counsel, and the court appropriately advised the jurors to narrow their request for readback, if they so desire (*People v Lykes,* 81 NY2d 767; *People v Hollis,* 216 AD2d 17, *lv denied* 86 NY2d 796). Moreover, given the specificity of the subsequent notes, the court "was not obligated to accede to counsel's request to provide information beyond that requested by the jury" (*People v Bernard,* 224 AD2d 192, 193, *lv denied* 88 NY2d 964).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.