THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OBDULIO AVELLANET, Appellant. [662 NYS2d 345] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree, arson in the first degree, assault in the second degree and criminal mischief in the fourth degree. At trial, the People presented proof that defendant dragged his former girlfriend down a flight of stairs by her head and hair, doused her with gasoline and set her on fire. She died as a result of the second and third degree burns that covered her body. County Court did not err in admitting evidence of defendant's prior conviction of menacing as part of the People's direct case. That conviction involved the same victim, and the evidence was relevant on the contested issues of intent and motive (*see, People v Wright,* 167 AD2d 959, 960, *lv denied* 77 NY2d 845; *People v Castrechino,* 134 AD2d 877, *lv denied* 70 NY2d 1005).

Defendant further contends that the court erred in permitting expert testimony regarding the personality profile of an arsonist and in permitting another expert to testify that, in the course of his investigation of the fire, he eliminated all potential accidental causes, leaving the "human element", i.e., that the fire was set by an individual, as the only cause. Defendant objected to the admission of that testimony on grounds different from the grounds asserted on appeal and, thus, did not preserve his present contentions for our review (*see, People v Osuna,* 65 NY2d 822, 824; *People v McDowell,* 47 NY2d 858, 859). In any event, neither contention requires reversal. The court erred in admitting the personality profile testimony because the People failed to establish that the profile was generally accepted by the scientific community (*see, People v Wernick,* 89 NY2d 111) or that the subject is beyond the ordinary ken of the jury (*see, People v Neer,* 129 AD2d 829, 830, *lv denied*

70 NY2d 652). The error, however, is harmless. Proof of defendant's guilt is overwhelming, and there is no significant probability that, absent the error, the jury would have acquitted defendant (*see, People v Crimmins*, 36 NY2d 230, 242). The court also erred in permitting the expert to testify that, in his opinion, the fire was set by an individual. An expert may testify that, in the course of an investigation, he ruled out certain causes of a fire (*see, People v Luckerson*, 170 AD2d 695, *lv denied* 77 NY2d 997; *People v Herrera*, 136 AD2d 567, *lv denied* 70 NY2d 1007) but cannot invade the jury's province by testifying that the fire was intentionally set (*see, People v Grutz*, 212 NY 72, 81-82; *People v Capobianco*, 176 AD2d 815, 816, *lv denied* 79 NY2d 825; *People v Vincek*, 75 AD2d 412, 416). However, that error also is harmless (*see, People v Crimmins, supra*, at 242).

Finally, given the heinous nature of defendant's acts, we conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.