◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY CHAMPION, Appellant. [668 NYS2d 857] —Judgment unanimously affirmed. Memorandum: Following a jury trial, defendant was convicted of arson in the third degree (Penal Law § 150.10 [1]), criminal mischief in the second degree (Penal Law § 145.10) and criminal contempt in the second degree (Penal Law § 215.50 [3]) for setting fire to a house owned by his father-in-law in which defendant had been living until his wife had asked him to leave.

Defendant contends that Supreme Court erred in permitting a fire investigator to testify that "some human person ignited those fires". We agree. An expert may testify that, in the course of an investigation, he ruled out certain causes of a fire (*see, People v Luckerson*, 170 AD2d 695, *lv denied* 77 NY2d 997; *People v Herrera*, 136 AD2d 567, *lv denied* 70 NY2d 1007) but may not invade the jury's province by testifying that the fire was intentionally set (*see, People v Grutz*, 212 NY 72, 81-82; *People v Avellanet*, 242 AD2d 865; *People v Capobianco*, 176 AD2d 815, 816, *lv denied* 79 NY2d 825; *People v Vincek*, 75 AD2d 412, 416). Defendant, however, failed to object to such testimony and thus failed to preserve the issue for our review (*see,* CPL 470.05 [2]). In any event, the error is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that, absent the error, the jury would have acquitted defendant (*see, People v Crimmins*, 36 NY2d 230, 242; *People v Avellanet, supra*).

From our review of the record, we conclude that the evidence is legally sufficient and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant's sentence is neither unduly harsh nor severe.

We have reviewed the other issues raised and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Arson, 3rd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.