mation, the determination is not supported by substantial evidence (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139). We therefore annul the determination, grant the petition and direct that all references thereto be expunged from petitioner's record. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ In the Matter of ERIC MONTALVO, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [670 NYS2d 649] —Determination unanimously confirmed without costs and petition dismissed (*see, Matter of Lahey v Kelly*, 71 NY2d 135; *Matter of Holmes v Coughlin*, 182 AD2d 1121). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ In the Matter of WALTER MOORE, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [670 NYS2d 649] —Determination unanimously confirmed without costs and petition dismissed (*see, Matter of Hay v Coombe*, 229 AD2d 1015, *lv denied* 88 NY2d 816). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WASHINGTON, Appellant. (Appeal No. 1.) [670 NYS2d 146] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Defendant failed to preserve for our review his present contentions concerning the denial of his suppression motion (*see, People v Tutt*, 38 NY2d 1011) and his motion for a trial order of dismissal (*see, People v Gray*, 86 NY2d 10, 19). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WASHINGTON, Appellant. (Appeal No. 2.) [670 NYS2d 650] —Judgment unanimously affirmed. Same Memorandum as in *People v Washington* (248 AD2d 1002 [decided herewith]). (Appeal

from Judgment of Erie County Court, Rogowski, J.—Resentence.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALACHI STARKS, Appellant. [670 NYS2d 146] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1]) arising from his participation in the forcible theft of money from two victims who were collecting subscription fees from newspaper customers. At defendant's first trial, County Court received a note from the foreperson of the jury requesting that she be excused from further deliberations. Upon inquiry by the court, the juror asserted that she was emotionally unable to continue. Defense counsel did not object to the discharge of that juror but would not agree to her replacement with an alternate juror and further noted that, if the juror was discharged, defendant would request a mistrial. The court discharged the juror and declared a mistrial.

Defendant contends that his retrial was barred by double jeopardy because the court erred in discharging a deliberating juror in the first trial. We disagree. Defendant did not object to the manner in which the court investigated whether the sworn juror should be discharged (see, CPL 270.35) and thus did not preserve for our review his contention that the court's inquiry was insufficient (see, People v Albert, 85 NY2d 851, 852; People v Howze, 239 AD2d 895, lv denied 90 NY2d 940; People v Martinez, 224 AD2d 326, lv denied 88 NY2d 989). In addition, defense counsel did not object to the discharge of the juror and expressly requested a mistrial. Therefore, defendant's retrial was not barred by double jeopardy (see, Matter of Davis v Brown, 87 NY2d 626, 630).

The record does not support defendant's further contention that the prosecutor exercised his peremptory challenges in a racially discriminatory manner in violation of Batson v Kentucky (476 US 79). Defendant failed to meet his burden of establishing that the prosecutor unlawfully exercised his peremptory challenge to excuse an African-American juror (see, People v Childress, 81 NY2d 263, 267). Even assuming, arguendo, that defendant established a prima facie case of discrimination, the prosecutor gave a "satisfactory nondiscriminatory explanation" for excusing the juror (People v Hernandez, 75 NY2d 350, 356, affd 500 US 352; see, People v Alvarado, 213 AD2d 1013, lv denied 86 NY2d 732).

The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). (Appeal from Judgment