■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DONK, Appellant. [688 NYS2d 333] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant's contention that County Court erred in admitting expert testimony is not preserved for our review (*see,* CPL 470.05 [2]; *People v Avellanet*, 242 AD2d 865, *lv denied* 91 NY2d 868; *People v Joye*, 198 AD2d 21, 22, *lv denied* 83 NY2d 854). In any event, contrary to defendant's conten-

tion, the testimony of the psychologist did not bolster complainant's testimony. The expert testimony was properly introduced to explain the hesitancy of child abuse victims to disclose the abuse (*see, People v DeLong*, 206 AD2d 914, 915; *see generally, People v Taylor*, 75 NY2d 277, 292-293; *People v Hryckewicz*, 221 AD2d 990, *lv denied* 88 NY2d 849). Defendant also failed to preserve for our review his contention that the court erred in failing to conduct a disqualification hearing with respect to a juror who was seen speaking with relatives of complainant (*see,* CPL 470.05 [2]; *People v Torres,* 80 NY2d 944, 945, *rearg denied* 81 NY2d 784). After the court questioned complainant's relatives, defendant did not request any inquiry of the juror (*see, People v Albert,* 85 NY2d 851, 852; *People v Starks,* 248 AD2d 1003, *lv denied* 91 NY2d 1013; *People v Gonzalez,* 247 AD2d 328, 329). We decline to exercise our power to review that contention as a matter of discretion in the interest of · justice (*see,* CPL 470.15 [6] [a]).

The court did not abuse its discretion in allowing the seven-year-old complainant to give sworn testimony. The voir dire of the witness showed that she understood and appreciated the nature of the oath (*see,* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560, 566). The responses of complainant indicated that she "understood the difference between the truth and a lie, the importance of telling the truth, and that [s]he could be punished if [s]he lied in court" (*People v Velez,* 222 AD2d 625, 626, *lv denied* 88 NY2d 887; *see, People v Morales,* 80 NY2d 450, 453).

We reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed to show that defense counsel's inquiry regarding counseling that complainant received was not part of a valid trial strategy (*see, People v Rivera,* 71 NY2d 705, 708-709). Based on the record as a whole, we conclude that defense counsel provided meaningful representation (*see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.