■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLON TOLEDO, Appellant. [709 NYS2d 257] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10), assault in the second degree (Penal Law § 120.05 [2]), burglary in the first degree (Penal Law § 140.30 [2]) (two counts), and criminal possession of a weapon in the second degree (Penal Law § 265.03). There is no merit to the contentions of defendant that the People failed to disprove his alibi defense and that the verdict is not supported by legally sufficient evidence and is contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The testimony of prosecution witnesses was not incredible as a matter of law, and there is no basis in this record to disturb the jury's resolution of credibility issues (*see, People v Early*, 261 AD2d 967; *People v Boyd*, 254 AD2d 740, *lv denied* 92 NY2d 1047). There also is no merit to the contention of defendant that prosecutorial misconduct deprived him of a fair trial. The prosecutor's references to the alias "Colombia Dave" did not exceed the scope of Supreme Court's restriction that such references pertain to identification testimony by witnesses. Several witnesses knew defendant only by that name, and thus those references were relevant to the identification of defendant (*see, People v Vargas*, 161 AD2d 822).

We reject defendant's contentions that the court erred in refusing to conduct a *Wade* hearing with respect to the in-court identification of defendant by the victim and in admitting that evidence. The witness did not identify defendant in any prior

proceeding, and thus there was no need for a *Wade* hearing (*see, People v McGee*, 171 AD2d 1081, 1082, *lv denied* 78 NY2d 924; *cf., People v White*, 73 NY2d 468, 473-475, *cert denied* 493 US 859).

The court did not abuse its discretion in denying defendant access to the psychiatric records of two prosecution witnesses. Confidential psychiatric records should be disclosed "only when their confidentiality is significantly outweighed by the interests of justice" (*People v Brooks*, 199 AD2d 275, *lv denied* 82 NY2d 922; *see also, People v Serrando*, 184 AD2d 1094, 1094-1095, *lv denied* 80 NY2d 837; *People v Arnold*, 177 AD2d 633, 634, *lv denied* 79 NY2d 853). Defendant had the opportunity to cross-examine the witnesses regarding their psychiatric and sexual histories, suicidal episodes and interpersonal conflicts. Further, the court examined the records in camera and determined that those records failed to suggest that either witness "suffered at the relevant time periods from any impairment of perception or memory, or any psychotic delusions" (*People v Serrando, supra*, at 1094-1095). Under the circumstances, defendant failed to establish that his need for the records outweighed the need to preserve the confidentiality of those records. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Murder, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Balio and Lawton, JJ.