THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FELONG, Appellant. [724 NYS2d 380] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [1]). Defendant contends that County Court erred in failing to dismiss a juror after the juror reported to the court that she recognized a prosecution witness as a friend of her mother. By failing to object to the manner in which the court investigated whether the juror should be dismissed as grossly unqualified, defendant has failed to preserve his contention for our review (*see*, *People v Albert*, 85 NY2d 851, 852). In any event, that contention is without merit. The juror unequivocally stated that her limited association with the witness would not affect her ability to consider the evidence impartially (*see*, *People v Brantley*, 168 AD2d 949, *lv denied* 77 NY2d 904).

The court properly denied defendant's request to subpoena the psychiatric records of a key prosecution witness. "Confidential psychiatric records should be disclosed 'only when their confidentiality is significantly outweighed by the interests of justice' " (*People v Toledo,* 270 AD2d 805, 806, *lv denied* 95 NY2d 858, quoting *People v Brooks,* 199 AD2d 275, *lv denied* 82 NY2d 922; *see,* Mental Hygiene Law § 33.13 [c] [1]), and defendant's allegation that the records could impact upon the credibility of the witness failed to meet that test. We have considered defendant's remaining contentions with respect to the court's denial of defendant's request for the subpoena and conclude that they are without merit. The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Geraci, Jr., J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.