■ In the Matter of JAMES CONNELLY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [729 NYS2d 808] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 20, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison terms of 5 to 15 years and 2$\frac{1}{3}$ to 7 years for his convictions of sodomy in the first degree and sodomy in the second degree. Petitioner commenced this CPLR article 78 proceeding challenging the determination of the Board of Parole denying his most recent request for parole release. Supreme Court dismissed the petition, prompting this appeal.

The record belies petitioner's assertion that the Board considered only the underlying offense in denying his request

for parole. Rather, the record reveals that the Board considered all relevant factors, both positive and negative, in rendering its determination. The Board determined that the serious nature of the offense, together with petitioner's limited insight into the causes of his behavior and his limited programming relative to the severity of the crime, outweighed any institutional achievements. Under the circumstances, it cannot be said that the Board's decision was irrational or arbitrary and capricious, therefore precluding any further judicial review of the issue (*see,* Executive Law § 259-i [5]; *Matter of Crews v New York State Executive Dept. Bd. of Parole Appeals Unit,* 281 AD2d 672; *Matter of Velasquez v Travis,* 278 AD2d 651). Petitioner's remaining contentions, including his constitutional argument relating to the separation of powers and that the Board was predisposed to deny his parole release request due to the violent nature of the offense, have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.