■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT HERNANDEZ, Appellant. [730 NYS2d 712] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given the backgrounds and motivations of the People's witnesses, were properly considered by the trier of fact and there is no basis upon which to disturb its determinations.

The court properly admitted testimony concerning defendant's drug trafficking as background information leading up to the murder and to prove motive (*see, People v Ventimiglia*, 52 NY2d 350; *People v Gonzalez*, 235 AD2d 225, *lv denied* 89 NY2d 985). The challenged testimony was highly relevant to issues developed at trial and was not excessively detailed, and the court's instructions served to prevent any undue prejudice.

The court properly exercised its discretion in denying defendant's mistrial motion made after a prosecution witness blurted out a reference to an uncharged crime. The court's

curative actions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865).

The portion of the prosecutor's summation that defendant challenges as "misquoting" the record was a fair comment on a reasonable inference to be drawn from the evidence. Defendant's remaining claims of prosecutorial misconduct in summation and in examination of a witness are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the alleged improprieties did not deprive defendant of a fair trial.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Tom, Lerner, Rubin and Friedman, JJ.