■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD LACK, Appellant. [752 NYS2d 176] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered January 3, 2001, convicting defendant after a jury trial of, inter alia, attempted kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the entire sentence and as modified the judgment is affirmed and the matter is remitted to Jefferson County Court for resentencing on all counts.

Memorandum: Defendant was convicted, following a jury trial, of various crimes committed against a former girlfriend who had procured an order of protection against him based on his prior criminal conviction involving threats of violence. Defendant contends that County Court erred in permitting the People to introduce evidence of defendant's prior conviction and the tape recording of the threats underlying it as *Molineux* evidence because that evidence involved a previously charged, not uncharged, crime (*see generally People v Molineux*, 168 NY 264, 293-294). That contention is based on a misreading of *Molineux* (*see id.*; *see also People v Alvino*, 71 NY2d 233, 242; *People v Avellanet*, 242 AD2d 865, *lv denied* 91 NY2d 868). *Molineux* applies to "evidence of other crimes" (*Molineux*, 168 NY at 293) and clearly includes prior convictions (*see e.g. Avellanet*, 242 AD2d at 865). Nor is there merit to defendant's contention that use of a transcript as an aid to the jury while listening to the tape recording was improper (*see People v Williams*,

281 AD2d 933, *lv denied* 96 NY2d 869). Further, the challenged evidence "was highly relevant to issues developed at trial and was not excessively detailed, and the court's instructions served to prevent any undue prejudice" (*People v Hernandez*, 287 AD2d 267, 267, *lv denied* 97 NY2d 729). Contrary to defendant's further contention, the use of the prior conviction did not violate the constitutional prohibition against double jeopardy. The Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense" (*Hudson v United States*, 522 US 93, 99 [emphasis omitted]) and thus "bars successive prosecutions or punishments for the same criminal offense" (*People v Hall*, 291 AD2d 143, 146, *lv denied* 98 NY2d 651). Here, the jury was instructed that the evidence of defendant's prior conviction and conduct was not a basis for the instant charges but, rather, was evidence relevant to defendant's intent or motive in committing the acts that are the basis for the instant charges. The jury is presumed to have followed those instructions (*see People v Fay,* 85 AD2d 512, 513).

The court properly refused to order disclosure of the victim's confidential psychiatric records. Those records "should be disclosed only when their confidentiality is significantly outweighed by the interests of justice" (*People v Felong*, 283 AD2d 951, 952 [internal quotation marks omitted]; *see People v Toledo,* 270 AD2d 805, 806, *lv denied* 95 NY2d 858). Here, "defendant's allegation that the records could impact upon the credibility of the witness failed to meet that test" (*Felong*, 283 AD2d at 952). Defendant failed to preserve for our review his contention that the court's response to the jury's request for a readback of the testimony was inadequate (*see People v Virgil*, 266 AD2d 847, *lv denied* 94 NY2d 886). In any event, "the court appropriately advised the jurors to narrow their request for readback" (*People v O'Kane*, 237 AD2d 205, 206, *lv denied* 90 NY2d 896) and "clearly conveyed its willingness to abide by the requests of the jury" (*People v Deoleo*, 295 AD2d 623, 623; *see People v Cottrel*, 275 AD2d 644, *lv denied* 96 NY2d 733).

Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received meaningful representation from his third trial attorney (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant has failed to preserve for our review his contention that the conviction of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20) is based on legally insufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit (*see*

*People v Bleakley*, 69 NY2d 490, 495). The verdict is not against the weight of the evidence (*see id.*).

Contrary to the further contention of defendant, the court properly sentenced him as a second felony offender without conducting a hearing because he "did not 'specify the particular allegation or allegations he wishe[d] to controvert' or challenge the constitutionality of the underlying felony" (*People v Pane*, 292 AD2d 850, 851, *lv denied* 98 NY2d 653). "The failure to inform a defendant of the postrelease supervision component of a sentence does not, in and of itself, provide a basis for modifying the sentence" (*People v Housman*, 291 AD2d 665, 667, *lv denied* 98 NY2d 638). We have reviewed defendant's constitutional challenges to the imposition of postrelease supervision and conclude that they are without merit (*cf. Matter of Connelly v New York State Div. of Parole*, 286 AD2d 792, *lv dismissed* 97 NY2d 677; *see generally United States v Huerta*, 878 F2d 89, 91-93, *cert denied* 493 US 1046).

The court erred in directing that the term of imprisonment imposed on the count convicting defendant of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) shall run consecutively to the term of imprisonment imposed on the count convicting him of aggravated criminal contempt (§ 215.52) because both crimes were based upon the same conduct (*see* § 70.25 [2]; *see also People v Ramirez*, 89 NY2d 444, 451; *People v Laureano*, 87 NY2d 640, 643). We note that any modification of the sentence with respect to those two counts would affect the aggregate sentence, and we further note that, although the remainder of the sentence is neither unduly harsh nor severe, the interplay of the sentences imposed on the various counts is complex (*see e.g. People v Losicco*, 276 AD2d 565, *lv denied* 96 NY2d 802). We therefore modify the judgment by vacating the entire sentence, and we remit the matter to Jefferson County Court for resentencing on all counts. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.