Appeal from a judgment of Wayne County Court (Nesbitt, J.), entered June 11, 2002, convicting defendant after a jury trial of, inter alia, rape in the second degree (three counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of three counts each of rape in the second degree (Penal Law § 130.30 [1]), sodomy in the second degree (§ 130.45 [1]), and rape in the third degree (§ 130.25 [2]), and one count of sodomy in the third degree (§ 130.40 [2]). Contrary to defendant’s contentions, the conviction is supported by legally sufficient evidence,and the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Issues concerning the credibility of the complainants and the weight to be accorded their testimony were for the jury to resolve (see People v Barber, 299 AD2d 893, 894 [2002], lv denied 99 NY2d 612 [2003]). . ..
County Court properly exercised its discretion in denying *1053 defendant’s request for access to the complainants’ counseling records. The court examined the counseling records in camera and determined that the possible impeachment value of the records with respect to the credibility of the complainants did not overcome the confidentiality rights of the complainants with respect to those records (cf. People v Brooks, 199 AD2d 275 [1993], lv denied 82 NY2d 922 [1994]; see generally People v Gissendanner, 48 NY2d 543, 549-550 [1979]). Defendant is not aggrieved by the court’s refusal to give him access to Family Court records concerning one of the complainants because he was acquitted on charges involving that complainant.
The sentence is not unduly harsh or severe. We have reviewed defendant’s remaining contentions and conclude that they are without merit. Present—Pine, J.P., Wisner, Hurlbutt, Gorski and Lawton, JJ.