■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSTIN J. NARROD, Appellant. [804 NYS2d 190]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered October 31, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and arson in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and arson in the third degree (§ 150.10 [1]). Defendant contends that Supreme Court erred in precluding him from presenting evidence that a third party may have committed the crimes charged based on the court's determination that defendant failed to establish a "clear link" between the third party and the crimes charged. We reject that contention. The record establishes that, regardless of the court's use of the "clear link" language, the court properly applied "the general balancing analysis that governs the admissibility of all evidence" and precluded defendant from presenting the proffered evidence because it was based on mere speculation (*People v Primo,* 96 NY2d 351, 356 [2001]; *see People v Williams,* 291 AD2d 897, 897-898 [2002], *lv denied* 97 NY2d 763 [2002]; *People v Joaquin,* 242 AD2d 589, 590 [1997], *lv denied* 91 NY2d 893 [1998]).

Defendant further contends that the court erred in allowing the arson investigator to testify that he had ruled out accidental causes of the fire. We agree, inasmuch as the expert's testimony improperly invaded the jury's province (*see People v Champion,* 247 AD2d 901 [1998], *lv denied* 91 NY2d 971 [1998]; *People v Avellanet,* 242 AD2d 865, 866 [1997], *lv denied* 91 NY2d 868 [1997]). We conclude, however, that the evidence of defendant's guilt is overwhelming and that there is no significant probability that absent the error the jury would have acquitted defendant. Thus, the error is harmless (*see Avellanet,* 242 AD2d at 866; *see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.