THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. CLARK, Appellant. [815 NYS2d 387]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered June 6, 2005. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of three counts of sodomy in the first degree (Penal Law former § 130.50 [4]) and one count of endangering the welfare of a child (§ 260.10 [1]), defendant contends that County Court erred in failing to dismiss a juror as grossly unqualified pursuant to CPL 270.35 (1) because the juror reported to the court at the commencement of deliberations that she had met the victim a few times through professional contact with the victim's mother. Defendant failed to object to the manner in which the court investigated whether the juror should be dismissed as grossly unqualified and thus has failed to preserve his contention for our review (*see People v Felong*, 283 AD2d 951 [2001], *lv denied* 96 NY2d 862 [2001]; *People v Donk*, 259 AD2d 1018, 1019 [1999], *lv denied* 93 NY2d 924 [1999]). In any event, we conclude that defendant's contention is without merit because the juror unequivocally stated that her limited association with the victim would not affect her ability to remain

impartial (*see People v Larrabee*, 201 AD2d 924, 925 [1994], *lv denied* 83 NY2d 855 [1994]; *People v Brantley*, 168 AD2d 949 [1990], *lv denied* 77 NY2d 904 [1991]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.