THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. PIERRE, Also Known as TEDDY PIERRE, Appellant. [829 NYS2d 386]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 28, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree (two counts) and arson in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree under count two of the indictment and dismissing that

count of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), two counts of murder in the second degree (§ 125.25 [1]) and one count of arson in the second degree (§ 150.15), defendant contends that County Court erred in denying his motion for a mistrial based upon testimony elicited from a police officer. The officer referred to defendant's "past history," but there was no testimony concerning defendant's criminal history. There was also no testimony concerning a polygraph procedure because the court sustained defense counsel's objection to that testimony before it was elicited. Although the officer's testimony with respect to the invocation by defendant of his right to counsel was improper (*see People v Nicholas*, 286 AD2d 861, 862 [2001], *affd* 98 NY2d 749 [2002]), the court immediately sustained defendant's objection to that testimony, instructed the jury to disregard it, and offered to give a further curative instruction (*see People v Shaffer*, 223 AD2d 755, 755-756 [1996], *lv denied* 87 NY2d 1025 [1996]). We thus conclude that no prejudice to defendant resulted from the officer's testimony and the court properly denied defendant's motion for a mistrial.

Defendant did not object to the opinion testimony of a fire investigator that the fire was intentionally set, and thus failed to preserve for our review his contention that the testimony improperly invaded the province of the jury (*see People v Tutt*, 305 AD2d 987 [2003], *lv denied* 100 NY2d 588 [2003]). In any event, we conclude that any error in the admission of that testimony is harmless (*see People v Narrod*, 23 AD3d 1061, 1062 [2005], *lv denied* 6 NY3d 816 [2006]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

As the People correctly concede, that part of the judgment convicting defendant of second degree murder under count two of the indictment must be reversed and that count dismissed because that count is an inclusory concurrent count of the murder in the first degree count (*see* CPL 300.40 [3] [b]; *see generally People v Miller*, 6 NY3d 295, 300-303 [2006]). Thus, we modify the judgment accordingly. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.