# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**486**

**KA 11-00575**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

FRANCISCO TIRADO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANCISCO TIRADO, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered March 9, 2011. The judgment convicted defendant, upon a nonjury verdict, of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]). We reject defendant's contention that Supreme Court erred in denying his request for access to the mental health counseling records of one of the two victims in this case. Mental health records are discoverable "where a defendant can demonstrate a good faith basis for believing that the records contain 'data relevant and material to the determination of guilt or innocence,' a decision which will rest 'largely on the exercise of a sound discretion by the trial court' " (*People v McCray*, 102 AD3d 1000, 1005, quoting *People v Gissendanner*, 48 NY2d 543, 548). It is well settled that "[c]onfidential psychiatric records should be disclosed only when their confidentiality is significantly outweighed by the interests of justice" (*People v Felong*, 283 AD2d 951, 952, *lv denied* 96 NY2d 862 [internal quotation marks omitted]). Here, the court reviewed the records in camera before ruling that defendant was not entitled to any portion of that victim's mental health counseling records, and the

court did not abuse its discretion in reaching that conclusion.

We reject defendant's further contention that the court abused its discretion by precluding cross-examination of the same victim regarding her psychiatric history. "A defendant has a constitutional right to confront the witnesses against him through cross-examination. With respect to the psychiatric condition of a witness, 'the defense is entitled to show that the witness's capacity to perceive and recall events was impaired by that condition' " (*People v Middlebrooks*, 300 AD2d 1142, 1143, *lv denied* 99 NY2d 630, quoting *People v Baranek*, 287 AD2d 74, 78). Here, defendant was permitted to question that victim about any medications that she was presently taking and whether those medications impaired her memory or affected her testimony. However, defendant failed to show that her psychiatric history "would bear upon her credibility or otherwise be relevant" (*People v Byers*, 254 AD2d 494, 494, *lv denied* 93 NY2d 1043; *see People v Beckett*, 186 AD2d 209, 210, *lv denied* 81 NY2d 760). Therefore, the court did not abuse its discretion in limiting the cross-examination of that victim (*see People v Corby*, 6 NY3d 231, 234-235).

Defendant's contentions that the court erred in denying his motion for full disclosure of the journals of both his ex-wife and one of the victims and that he has been deprived of appellate review because the People returned those journals to their respective owners following trial are without merit. The court reviewed the journals in camera and concluded that the People had properly disclosed all portions constituting *Rosario* material. As to defendant's contention that he has been deprived of appellate review, we note that the journals were not received in evidence and there was no request by defense counsel that they be preserved, and thus defendant's contention is not properly before us (*see* CPL 470.05 [2]).

Defendant was not prejudiced as a result of the adjournment of the trial, which was necessitated because an expert witness for the prosecution was not available during the week in which the trial was scheduled to begin. Generally, " 'requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of some diligence and good faith' " (*People v Hernandez*, 146 AD2d 646, 647). Here, the court offered to move the trial ahead by one week, and the People agreed to that change in scheduling. However, defense counsel was busy that week and, as a result, the court moved the trial to the next available date, which was almost six months later. Defendant's contention, raised in his pro se supplemental brief, that the adjournment deprived him of his right to a speedy trial is unpreserved for our review (*see People v Diefenbacher*, 21 AD3d 1293, 1294, *lv denied* 6 NY3d 775), and is without merit inasmuch as the delay was the result of court congestion (*see* CPL 30.30; *see also People v Johnson*, 209 AD2d 986, 986, *lv denied* 84 NY2d 1033; *see generally People v Anderson*, 66 NY2d 529, 534-536).

As the People correctly concede, the court erred in imposing consecutive periods of postrelease supervision. "Penal Law § 70.45 (5) (c) mandates that the periods of postrelease supervision merge and

are satisfied by the service of the longest unexpired term" (*People v Kennedy*, 78 AD3d 1477, 1479, *lv denied* 16 NY3d 798).  We therefore modify the judgment accordingly.  However, we reject defendant's further contention that the sentence is unduly harsh or severe, particularly with respect to the imposition of consecutive terms of incarceration.  We have considered defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants reversal or further modification of the judgment.

Entered:  August 15, 2013                    Frances E. Cafarell
                                             Clerk of the Court