# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1152**
**KA 09-01961**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT FULLEN, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 30, 2009. The appeal was held by this Court by order entered June 13, 2014, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (118 AD3d 1297).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court to conduct a reconstruction hearing with respect to the victim's missing psychiatric records (*People v Fullen*, 118 AD3d 1297). Upon remittal, the prosecutor prepared a new subpoena, and the records were again given to the court, which forwarded them to this Court. Upon our review of those records, we conclude that the court did not abuse its discretion in denying defendant access to them (*see People v Tirado*, 109 AD3d 688, 688-689, *lv denied* 22 NY3d 959, *reconsideration denied* 22 NY3d 1091, *cert denied* ___ US___, 135 S Ct 183; *People v Toledo*, 270 AD2d 805, 806, *lv denied* 95 NY2d 858; *see also People v Bird*, 284 AD2d 339, 339, *lv denied* 96 NY2d 916). " '[C]onfidential psychiatric records should be disclosed only when their confidentiality is significantly outweighed by the interests of justice' " (*Tirado*, 109 AD3d at 688). Here, defendant was aware that the victim was hospitalized for an unspecified mental health issue in July 2007, that she suffered from depression, and that she was prescribed medication around the time of the criminal incident herein. Defendant was able to cross-examine both the victim and her mother regarding those matters (*see Toledo*, 270 AD2d at 806; *People v Arredondo*, 226 AD2d 322, 322, *lv denied* 88 NY2d 964). In addition, we agree with the court that there was nothing in the records that was relevant to the victim's credibility or competency to testify (*see Toledo*, 270 AD2d at 806; *see generally*

*People v Dudley*, 167 AD2d 317, 321). Inasmuch as defendant's need for the records did not outweigh the need to preserve their confidentiality, we reject defendant's contention that the court committed reversible error in denying him access to those records (*see Toledo*, 270 AD2d at 806). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: November 13, 2015

Frances E. Cafarell
Clerk of the Court