People v Bridges (2020 NY Slip Op 04047)





People v Bridges


2020 NY Slip Op 04047


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


592 KA 17-01490

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAQUEY BRIDGES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 28, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). The case arose from an incident outside a nightclub in which the victim sustained a fatal gunshot wound to the chest. Just prior to the shooting, spectators had gathered around a fistfight involving the victim. After shots were fired, the spectators fled on foot. Video footage from outside the club appears to depict defendant fleeing while carrying an object in each hand. The object in his left hand appears to be a cell phone, while the object in his right hand is consistent with a handgun. At trial, an eyewitness testified that defendant ran past him with a chrome gun clasped in his hands. Another witness testified that he had been in jail with defendant, and that defendant confessed to him that he was guilty of committing the murder.
Defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in denying his application pursuant to Batson v Kentucky (476 US 79 [1986]) because the prosecutor failed to offer a race-neutral reason at step two of the Batson inquiry (see People v Pescara, 162 AD3d 1772, 1774 [4th Dept 2018]). We reject that contention. "To satisfy its step two burden, the nonmovant need not offer a persuasive or even a plausible explanation but may offer any facially neutral reason for the challenge—even if that reason is ill-founded—so long as the reason does not violate equal protection' " (People v Smouse, 160 AD3d 1353, 1355 [4th Dept 2018]). Here, the prosecutor stated that she peremptorily struck the juror in question because he had been prosecuted by her office previously, and because he failed to disclose any history of prior arrests or convictions during voir dire. Although defendant contends that the juror had, in fact, accurately disclosed that information, we conclude that the prosecutor offered at least one race-neutral reason, i.e., that the juror had been prosecuted by her office previously (see People v Knowles, 79 AD3d 16, 19-20 [3d Dept 2010], lv denied 16 NY3d 896 [2011]; People v McCoy, 266 AD2d 589, 591 [3d Dept 1999], lv denied 94 NY2d 905 [2000]).
Contrary to defendant's additional contention, the court did not abuse its discretion in denying him access to certain mental health records of a witness after reviewing those records in [*2]camera. "[C]onfidential psychiatric records should be disclosed only when their confidentiality is significantly outweighed by the interests of justice" (People v Fullen, 133 AD3d 1235, 1236 [4th Dept 2015], lv denied 27 NY3d 997 [2016] [internal quotation marks omitted]; see People v Toledo, 270 AD2d 805, 806 [4th Dept 2000], lv denied 95 NY2d 858 [2000]). On the record before us, we conclude that defendant failed to establish that his need for the records outweighed the need to preserve their confidentiality (see Toledo, 270 AD2d at 806). We similarly reject defendant's further contention that the court erred in refusing to subpoena additional mental health records of the same witness. "Inasmuch as the records [in question] pertain solely to the credibility of [that] witness, the court did not abuse its discretion in denying defendant's subpoena request" with respect to them (People v Robinson, 112 AD3d 1349, 1350 [4th Dept 2013], lv denied 23 NY3d 1042 [2014]; see People v Gissendanner, 48 NY2d 543, 548 [1979]).
Defendant failed to preserve his challenge to the admission of alleged hearsay testimony because he failed to object on the specific grounds he now raises on appeal (see People v Reibel, 181 AD3d 1268, 1269 [4th Dept 2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court