■ The People of the State of New York, Respondent, v Kevin Powell, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of assault in the first degree and criminal possession of a weapon in the second degree for shooting Patrick Alexander, the boyfriend of Barbara Whetstone, defendant's former girlfriend. During the course of Alexander's testimony, he was permitted to testify, over objection, about a

prior incident in which defendant had shot Whetstone and her then-husband. The court overruled the defense objection on the ground that the testimony was admissible to show the state of mind of the victim. That was error. Under *People v Molineux* (168 NY 264) and its progeny, evidence of other crimes committed by a defendant may not be admitted unless the probative value of such evidence on a material issue outweighs its prejudicial tendency to demonstrate defendant's criminal propensities. Evidence that defendant had previously been charged in a similar shooting obviously tended to show defendant's assaultive character. That evidence does not fall within any of the exceptions to the *Molineux* rule. The basis for admission of that evidence, that it demonstrated the victim's state of mind, is not within the exceptions to the *Molineux* rule and, in any event, the victim's state of mind was not relevant. Admission of that evidence was also in violation of the rule of *People v Ventimiglia* (52 NY2d 350), which requires the People to obtain an advance ruling where they intend to introduce evidence of other crimes by defendant. Not only did the People fail to obtain a *Ventimiglia* ruling, but they were precluded by the court's *Sandoval* ruling from inquiring into that incident on cross-examination. Contrary to the People's argument that the error was harmless, there can be no doubt that defendant was prejudiced by proof that he had previously engaged in behavior very similar to that charged in this case. It was also error, although harmless in view of the other proof, to permit the investigating officer to testify that Alexander had identified defendant as his assailant. That error should be avoided on retrial. (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.— assault, first degree, and another charge.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.