■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR QUINONES, Appellant. [661 NYS2d 122] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of Onondaga County Court convicting him upon a jury verdict of two counts of robbery in the first degree, criminal possession of a weapon in the second degree and two counts of criminal use of a firearm in the first degree. Defendant was sentenced as a second felony offender to an indeterminate term of incarceration of 10 to 20 years.

The charges arose from an incident on August 4, 1994, when the victim, a student at Onondaga Community College (OCC), was approached by two men as he walked through a parking lot on his way to class. A man stood on each side of him, and one of the men brandished a revolver and removed the keys and wallet from the victim's pocket. They instructed the victim to come with them and began to walk him toward his car when the victim threw down his book bag and ran away, yelling "Help, police!" The men got into a vehicle and sped away. The victim ran into a building and called 911 to report the incident.

The vehicle was stopped after a high speed chase involving numerous police vehicles, during which a revolver was thrown from the pursued vehicle. Defendant and codefendant Edd Robinson were passengers in the vehicle, which was owned and driven by codefendant Fred Cross. The victim identified defendant and Robinson from lineups as the men who accosted him. Cross and Robinson entered pleas of guilty to charges arising from the incident, and defendant proceeded to trial.

At trial, the victim testified that Cross held a grudge against him because he was dating Cross' former girlfriend. The victim identified defendant as one of his assailants. Although defendant did not testify, Robinson testified on defendant's behalf that Cross, defendant and he were driving on the OCC campus when Cross spotted the victim. According to Robinson, Cross told Robinson to get the victim for him. Robinson approached the victim alone; defendant did not approach the victim, nor did defendant know that Robinson possessed a gun.

The argument of defendant that his conviction should be reversed based upon prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]). In any event, the conduct

of the prosecutor was not so egregious to have denied defendant a fair trial (*see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

We agree with defendant that the prosecutor failed to lay a proper foundation before questioning Robinson about his failure to tell the police that he was the sole assailant *(see, People v Dawson,* 50 NY2d 311, 321, n 4). That error is unpreserved for our review (*see,* CPL 470.05 [2]) and harmless, in any event. Defendant's contention that bolstering evidence was improperly admitted is likewise unpreserved for our review (*see, People v Love,* 57 NY2d 1023, 1025), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court's *Sandoval* ruling was proper and adequately defined the permissible scope of cross-examination. Defendant's argument that the prosecutor made an "end-run" around the court's *Sandoval* ruling during cross-examination of Robinson is not preserved for our review (*see,* CPL 470.05 [2]). Although the prosecutor should not have elicited testimony from Robinson concerning defendant's presence during prior criminal incidents, that testimony was not so prejudicial as to deny defendant a fair trial.

Defendant received effective assistance of counsel. Although the performance of counsel was not free from error, "the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation", establish that counsel provided meaningful representation (*People v Baldi,* 54 NY2d 137, 147). Defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failures (*see, People v Garcia,* 75 NY2d 973, 974).

The sentence is not unduly harsh or severe, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.