■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK L. STEVENSON, Appellant. [698 NYS2d 466] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered January 19, 1995, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years and 1 year, respectively, unanimously affirmed.

The court properly exercised its discretion in precluding defendant from introducing into evidence two purported prior inconsistent statements of the complainant. Under the circumstances surrounding each document, the alleged inconsistency could not be attributed to the complainant (see, People v Reed, 257 AD2d 474). In any event, these rulings could not have caused any prejudice because defendant was still able to explore the alleged inconsistencies thoroughly without introducing the documents themselves (see, People v Piazza, 48 NY2d 151, 164; People v Messier, 191 AD2d 819, lv denied 81 NY2d 1017; People v Fortunato, 191 AD2d 221, 222, lv denied 81 NY2d 1013).

The court's Sandoval ruling was erroneous to the extent that it permitted the People to ask defendant whether he was convicted of robbery in a case where, as pointed out by defense counsel, defendant was actually adjudicated a youthful offender, since only the underlying facts of that case were admissible. However, we find the error to be harmless (see, People v Shields, 46 NY2d 764). The remainder of the Sandoval ruling balanced the proper factors and was a proper exercise of discretion (see, People v Walker, 83 NY2d 455, 459).

Defendant's suppression motion was properly denied. The record supports the court's finding that the lineup was not impermissibly suggestive. Since a photograph of the lineup was reviewed by the hearing court, the loss of the photograph sometime after the trial does not create a presumption of sug-

gestiveness (*People v Edmonds*, 223 AD2d 455, *lv denied* 88 NY2d 984). We have considered and rejected defendant's other contentions regarding the *Wade* issues. Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.