■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARRICK PATTERSON, Also Known as TERRY PATTERSON, Appellant. [743 NYS2d 352] —Appeal from a judgment of Oneida County Court (Donalty, J.), entered April 7, 2000, convicting defendant upon his plea of guilty of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea (*see* CPL 220.60 [3]), which was entered just prior to jury selection. The record establishes that alleged pressure upon defendant to take the plea despite his assertion that he had not shot the victim did not materially affect the voluntariness of defendant's plea inasmuch as defendant pleaded guilty to robbery in the first degree under subdivision (2) of Penal Law § 160.15 (*see People v Wright*, 196 AD2d 700). Defendant entered a plea that was knowing and voluntary (*see People v McDowell*, 242 AD2d 860, *lv denied* 91 NY2d 876, 1010), and his "subsequent unsubstantiated claim of innocence did not require vacatur of the plea" (*People v Hill*, 146 AD2d 823, 825, *lv denied* 73 NY2d 1016).

The court also properly denied defendant's motion to suppress a written statement given to the police. Contrary to the contention of defendant, he did not unequivocally assert his right to counsel by his statement that he wanted his story on paper "so my lawyer can have it." Indeed, when the police informed him that "you're still under your constitutional rights," defendant stated, "I just want my side of the story on paper." "As defendant did not unequivocally inform the police that he wanted counsel," defendant's statement was admissible (*People v Glover*, 87 NY2d 838, 839). Finally, the sentence is

not unduly harsh or severe. Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.