■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LEONARD, Appellant. [761 NYS2d 916] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered January 26, 1999, convicting defendant upon his plea of guilty of criminal possession of stolen property in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the third degree (Penal Law § 165.50), defendant contends that Supreme Court erred in denying his motion to withdraw his plea. We reject that contention. The decision whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the court (*see* CPL 220.60 [3]; *People v Selikoff,* 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]). Contrary to the contention of defendant, the colloquy did not cast doubt on defendant's guilt or the voluntary nature of the plea (*see People v Lopez,* 71 NY2d 662, 666 [1988]), and the unsupported allegations of defendant that he is innocent and that defense counsel pressured him to accept the plea bargain are insufficient to warrant vacatur of the plea (*see People v Telfair,* 299 AD2d 429 [2002], *lv denied* 99 NY2d 620 [2003]; *People v Patterson,* 295 AD2d 966 [2002], *lv denied* 99 NY2d 538 [2002]). Because defendant failed to object to the enhanced sentence or move to withdraw his plea on that ground, his contention that the sentence was improperly enhanced is not preserved for our review (*see* CPL 470.05 [2]; *People v Michael S.,* 273 AD2d 804, 805 [2000]). In any event, the court instructed defendant at the time of the plea that, if he failed to appear for sentencing or was arrested for another crime prior to sentencing, the court would not be bound by its original sentencing commitment, and thus defendant's contention lacks merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.