THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN JACKSON, Appellant. [772 NYS2d 149]—

Appeal from a judgment of the Supreme Court, Monroe County (Peter E. Corning, A.J.), rendered June 21, 2001. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (15 counts) and other crimes.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a jury trial of 47 counts, including multiple counts of sodomy in the first degree (Penal Law former § 130.50 [1]), assault in the third degree (§ 120.00 [1]), sexual abuse in the first degree (§ 130.65 [1]), rape in the first degree (§ 130.35 [1]), rape in the third degree (§ 130.25 [2]), sodomy in the third degree (former § 130.40 [2]), and incest (§ 255.25). Defendant contends that he was deprived of his right to a fair trial based on alleged prosecutorial misconduct. We reject that contention. Contrary to defendant's contention, the comments of the prosecutor in her opening and closing statements were not "so egregious as to deprive defendant of [his right to] a fair trial" (*People v Eldridge,* 288 AD2d 845, 846 [2001], *lv denied* 97 NY2d 681 [2001]; *see People v Holden,* 244 AD2d 961 [1997], *lv denied* 91 NY2d 926 [1998]).

Defendant further contends that his statements to a caseworker were inadmissible because the caseworker was acting as an agent of the police and did not advise him of his *Miranda* rights. That contention lacks merit. The filing of a child abuse petition does not trigger the right to counsel, and thus the caseworker was not required to advise defendant of his *Miranda* rights before speaking with him (*see People v Brooks,* 184 AD2d 274, 275-276 [1992], *lv denied* 80 NY2d 901 [1992]). In any event, the record establishes that the caseworker was not engaged in law enforcement activity (*see id.*). Also contrary to the contention of defendant, Supreme Court properly admitted testimony concerning his prior bad acts and uncharged crimes. That testimony was admissible as background information with respect to the issues of forcible compulsion and delayed disclosure (*see People v Chase,* 277 AD2d 1045 [2000], *lv denied* 96 NY2d 733 [2001]; *cf. People v Powell,* 152 AD2d 918 [1989]).

We also reject the contention of defendant that he received ineffective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). A defendant is not entitled to error-free representation, and here defendant "failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failures" (*People v Quinones,* 238 AD2d 921, 922 [1997], *lv denied* 90 NY2d 862 [1997]). In addition, we reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of defendant's family members with respect to the numerous acts of rape, sodomy and sexual abuse and to resolve the credibility issues against defendant (*see People v Shaw,* 277 AD2d 1052 [2000], *lv denied* 96 NY2d 806 [2001]; *People v Chavez-Flores,* 259 AD2d 984). Defendant's contention that the language in the indict-

ment was inflammatory and prejudicial is not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

We reject defendant's contention that the sentence is unduly harsh or severe. We note, however, that the "the aggregate maximum term of [the] sentence . . . exceeds the 50-year limitation provided in Penal Law § 70.30 (1) (e) (vi), [and thus] the sentence should be recalculated accordingly by the Department of Correctional Services" (People v Crane, 242 AD2d 783, 784 [1997]; see People v Moore, 61 NY2d 575 [1984]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.