■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD A. SPEICHER, Appellant. [778 NYS2d 583]—

Appeal from a judgment of the Steuben County Court (Joseph

W. Latham, J.), rendered October 30, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (two counts) (Penal Law § 160.10 [1], [2] [a]) and assault in the second degree (§ 120.05 [6]). County Court properly exercised its discretion in ordering that defendant and codefendant be tried separately (*see* CPL 200.40 [1]; *see generally People v Boatman*, 147 AD2d 912 [1989]). The court ordered separate trials after defendant moved to exclude the statement of codefendant on the ground that admission of codefendant's statement would compromise his Sixth Amendment right to confrontation (*see Bruton v United States*, 391 US 123 [1968]), and codefendant made the same motion with respect to defendant's statement. The severance was ordered after the jury in the joint trial was sworn but before any witnesses had been called, and the court properly exercised its discretion in discharging that jury, with defendant's consent, and conducting a retrial (*see generally People v Quaranta*, 74 AD2d 910 [1980]). Under the circumstances, we conclude that the retrial did not violate the constitutional and statutory prohibitions against double jeopardy (*see People v Paquette*, 31 NY2d 379, 380 [1972]; *People v Michallow*, 201 AD2d 915, 916 [1994], *lv denied* 83 NY2d 874 [1994]). We reject defendant's contention that defense counsel's failure to object to the retrial constituted ineffective assistance of counsel (*see People v Buffin*, 244 AD2d 925, 926 [1997], *lv denied* 91 NY2d 924 [1998]).

The court properly denied the motion of defendant seeking suppression of oral and written statements he made to police officers following his arrest. The record of the suppression hearing supports the court's conclusions that the arrest was supported by probable cause (*see People v Paden*, 158 AD2d 554, 555 [1990]), that defendant was not so intoxicated that he was incapable of knowingly, voluntarily and intelligently waiving his *Miranda* rights (*see People v Snider*, 2 AD3d 1452, 1452-1453 [2003], *lv denied* 1 NY3d 634 [2004]) and that defendant did not unequivocally invoke his right to counsel (*see People v Patterson*, 295 AD2d 966 [2002], *lv denied* 99 NY2d 538 [2002]).

Defendant was not deprived of his right to a fair trial by the allegedly improper comments of the prosecutor in his opening statement (*see People v Jackson*, 4 AD3d 848, 849 [2004]). The court properly admitted in evidence photographs depicting the

nature and extent of the victim's injuries (*see People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]). Although the court erred in permitting the People to cross-examine defendant with respect to a youthful offender adjudication (*see People v Gray*, 84 NY2d 709, 712 [1995]), that error is harmless (*see People v Stevenson*, 266 AD2d 68 [1999], *lv denied* 94 NY2d 953 [2000]), and the *Sandoval* ruling was otherwise proper. We reject defendant's contention that the People's witnesses improperly bolstered the victim's account. Only one of the statements at issue constituted improper bolstering (*cf. People v Harris*, 249 AD2d 775, 776 [1998]), and the court sustained defendant's objection to that statement. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.