■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MAURICIO, Appellant. [778 NYS2d 400]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered March 6, 2002. The judgment convicted de-

fendant, upon a jury verdict, of attempted rape in the first degree and unlawful imprisonment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court did not abuse its discretion in failing, sua sponte, to order a competency hearing pursuant to CPL 730.30 (2) (*see People v Tortorici*, 92 NY2d 757, 766-767 [1999], *cert denied* 528 US 834 [1999]). Nor was defendant denied effective assistance of counsel as the result of defense counsel's failure to request a competency hearing (*see People v Dunn*, 261 AD2d 940, 940-941 [1999], *lv denied* 94 NY2d 822 [1999]). There is no requirement that defendant personally waive on the record his constitutional right to testify (*see People v Fratta*, 83 NY2d 771, 772 [1994]). Nevertheless, the court conducted an inquiry into whether defendant understood that he had the right to testify, and the record establishes that he knowingly, voluntarily and intelligently waived that right. We reject the further contention of defendant that he was deprived of his right to a fair trial by the allegedly improper comments of the prosecutor in his opening statement (*see People v Speicher*, 8 AD3d 1008 [2004]; *People v Jackson*, 4 AD3d 848, 849 [2004]). Defendant failed to preserve for our review his contentions that the court erred in failing to adjudicate him a youthful offender (*see People v Henderson*, 300 AD2d 1119 [2002], *lv denied* 100 NY2d 539 [2003]) and in considering a prior criminal charge in sentencing him (*see generally People v Leeson*, 299 AD2d 919, 920 [2002], *lv denied* 99 NY2d 560 [2002]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject the contention of defendant that he was denied effective assistance of counsel at sentencing (*see People v Carter*, 158 AD2d 851, 852 [1990]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.