◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY P. BRANDEL, Appellant. [798 NYS2d 827]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 30, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant failed to object to the enhanced sentence or to move to withdraw his plea and thus failed to preserve for our review his contention that County Court erred in enhancing his sentence based upon his conduct while on interim probationary supervision (*see People v Zelter* [appeal No. 1], 6 AD3d 1103 [2004], *lv denied* 3 NY3d 683 [2004]; *People v Leonard*, 306 AD2d 940 [2003]). Moreover, it is undisputed that defendant was arrested while on interim probationary supervision, and he does not dispute that he violated a condition of his interim probationary supervision by failing to notify the probation department of his postplea arrest. Thus, there is no merit to the contention of defendant that the court should have conducted a hearing on the issue whether he violated that condition before imposing an enhanced sentence (*cf. People v Outley*, 80 NY2d 702, 712-713 [1993]; *People v Huffman*, 288 AD2d 907, 908 [2001], *lv denied* 97 NY2d 755 [2002]). To the extent that the further contention of defendant that he was deprived of effective assistance of counsel survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the sentence is not unduly harsh or severe. Present— Green, J.P., Gorski, Martoche, Smith and Hayes, JJ.