judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 17, 2003. The judgment convicted defendant, upon his plea of guilty, of sodomy in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURT RANDALL, Appellant. [816 NYS2d 397]—Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered May 3, 2005. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. BUSH, Appellant. [815 NYS2d 864]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered February 17, 2005. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree, endangering the welfare of a child and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [3]), endangering the welfare of a child (§ 260.10 [1]), and assault in the third degree (§ 120.00 [1]). As defendant correctly concedes, he failed to preserve for our review his contention that County Court erred in imposing an enhanced sentence based on his failure to complete a sex offender evaluation in connection with the preparation of a presentence report (*see People v Primm*, 24 AD3d 1306, 1307 [2005], *lv denied* 6 NY3d 816 [2006]; *People v Brandel*, 20 AD3d 927 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Lovett*, 8 AD3d 1007, 1008 [2004], *lv denied* 3 NY3d 677 [2004]). In any event, we conclude that the court did not abuse its discretion in imposing the enhanced sentence (*see generally People v Outley*, 80 NY2d 702, 714 [1993]; *People v Parker*, 271 AD2d 63, 69-70 [2000], *lv denied* 95 NY2d 967 [2000]). Finally, neither the term of incarceration nor the period of postrelease supervision is unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.