■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIF Y. HAMDY, Appellant. [847 NYS2d 882]—Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered January 27, 2006. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), and he now appeals from a judgment revoking the sentence of probation imposed upon that conviction and sentencing him to a term of imprisonment. Defendant failed to preserve for our review his challenge to the validity of his admission that he violated conditions of his probation inasmuch as he failed to move to withdraw his admission or to vacate the judgment revoking his sentence of probation (*see People v Barra*, 45 AD3d 1393 [2007]). In any event, defendant's contention lacks merit because the record establishes that defendant was "afforded the requisite opportunity to be heard concerning the charged violation[s] of probation, i.e., 'an opportunity to attack or deny the charge[s]' " (*People v Matos*, 28 AD3d 1120, 1122 [2006], quoting *People v Oskroba*, 305 NY 113, 117 [1953], *rearg denied* 305 NY 696 [1953]). Further, the record establishes that defendant also admitted to a subsequent arrest, which is by itself a sufficient basis for finding a violation of probation (*see id.*). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.