THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD C. STAPLES, Appellant. [877 NYS2d 788]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered September 14, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, rape in the first degree, sexual abuse in the first degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [3]) and rape in the first degree (§ 130.35 [3]). We reject the contention of defendant that the testimony of the People's expert concerning the initial failure of the victim to identify defendant as the perpetrator and her hesitancy to disclose the abuse constituted improper bolstering (*see People v Donk*, 259 AD2d 1018 [1999], *lv denied* 93 NY2d 924 [1999]; *People v DeLong*, 206 AD2d 914, 915 [1994]). The expert's testimony was properly "admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]). We reject the further contention of defendant that his right of confrontation was violated when County Court allowed a pediatrician and a physician's assistant to testify concerning the results of medical tests performed in hospital laboratories inasmuch as those results were not "testimonial" (*People v Freycinet*, 11 NY3d 38, 41 [2008]; *see generally People v Rawlins*, 10 NY3d 136, 158-160 [2008]). Finally, viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see gener-*

*ally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.