■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMARA D. CLARK, Appellant. [877 NYS2d 543]—Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered January 8, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We reject the contention of defendant in her main brief that County Court abused its discretion in denying her

motion to withdraw her guilty plea, as well as the contention in her pro se supplemental brief that the plea was involuntarily entered. There is no " 'evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pillich*, 48 AD3d 1061 [2008], *lv denied* 11 NY3d 793 [2008]; *see* CPL 220.60 [3]), nor is there any indication in the record before us that the plea was not voluntarily entered (*see People v Seeber*, 4 NY3d 780, 781-782 [2005]; *People v Phillips*, 56 AD3d 1163 [2008]). Defendant failed to preserve for our review her contention in her main brief that the sentence constitutes cruel and unusual punishment (*see People v Santilli*, 16 AD3d 1056, 1057 [2005]), as well as the contention in her pro se supplemental brief that the court erred in imposing an enhanced sentence when she failed to appear at sentencing (*see People v Brooks*, 59 AD3d 999 [2009]). Those contentions are without merit in any event. The sentence does not constitute cruel and unusual punishment (*see People v Holmquist*, 5 AD3d 1041 [2004], *lv denied* 2 NY3d 800 [2004]; *see generally People v Thompson*, 83 NY2d 477, 482-483 [1994]), and the court warned defendant that, if she failed to appear at sentencing, the court would no longer be bound by the agreed-upon sentence and would instead impose the maximum sentence allowed (*see People v Winship*, 26 AD3d 768 [2006], *lv denied* 6 NY3d 899 [2006]; *see generally People v Bush*, 30 AD3d 1078 [2006], *lv denied* 7 NY3d 785 [2006]). Present— Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.