■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN McGRATH, Appellant. [888 NYS2d 453]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered July 15, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), defendant contends that his waiver of the right to appeal was not knowingly, intelligently and voluntarily entered because County Court failed to elicit from defendant, in his own words, his understanding of the waiver and its consequences. We reject that contention (see People v Ludlow, 42 AD3d 941 [2007]). " '[T]here is no requirement that the . . . court engage in any particular litany' when accepting a defendant's waiver of the right to appeal" (id. at 942, quoting People v Callahan, 80 NY2d 273, 283 [1992]). The valid waiver by defendant of his right to appeal encompasses his challenge to the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]).

Although the contention of defendant that he was denied due process when the court determined that he violated the plea agreement is not encompassed by his valid waiver of the right to appeal and thus is properly before us (see People v Butler, 49 AD3d 894, 895 [2008], lv denied 10 NY3d 932 [2008], 11 NY3d 830 [2008]), that contention is without merit. Pursuant to the terms of the plea agreement, defendant's sentencing was held in abeyance while defendant participated in a drug treatment program for 15 months. The plea agreement provided that, in the event that defendant did not successfully complete the program, he would be sentenced to an indeterminate sentence of 4 to 8 years. Defendant was expelled from the program after

being arrested for assault and drug possession. "[T]o satisfy due process, a sentencing court must, prior to imposing the prison alternative pursuant to a plea agreement, conduct an inquiry sufficient to conclude that a violation of the plea agreement occurred" (*People v Valencia*, 3 NY3d 714, 715 [2004]; *see People v Outley*, 80 NY2d 702, 713 [1993]) and, contrary to defendant's contention, the court made the requisite inquiry (*see Valencia*, 3 NY3d at 715). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.