■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS W. RICHARDSON, Appellant. [910 NYS2d 747]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 8, 2009. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the probation component of the split sentence of incarceration and probation previously imposed upon his conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and sentencing him to a determinate term of incarceration based on his admission that he violated the terms of his probation. Defendant contends that County Court's deferral of sentencing on the violation petition constituted an illegal period of interim probation and that the court thereafter erred in enhancing the sentence based on a violation of that period of interim probation. That contention is not preserved for our review inasmuch as defendant did not object to the enhanced sentence and failed to move to withdraw his admission or to vacate the judgment revoking the probation component of the split sentence (*see generally People v Hamdy*, 46 AD3d 1383 [2007], *lv denied* 10 NY3d 765; *People v Brandel*, 20 AD3d 927 [2005], *lv denied* 5 NY3d 826 [2005]; *People v Avery*, 205 AD2d 411 [1994], *affd* 85 NY2d 503 [1995]). In any event, we reject that contention. "The defendant's voluntary participation in a drug program pending sentencing did not amount to [an] illegal [period of] interim probation" (*People v Black*, 266 AD2d 399,

399 [1999]), and the court properly enhanced the sentence after defendant failed to successfully complete that program and was rearrested in violation of the terms of his probation (*see People v Munize*, 251 AD2d 429 [1998], *lv denied* 92 NY2d 928 [1998]; *see also Hamdy*, 46 AD3d 1383). The sentence is not unduly harsh or severe. The remaining contentions of defendant are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.