# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1287
KA 10-00522
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PAUL VERBITSKY, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

JOHN H. CRANDALL, DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered August 4, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We reject defendant's contention that County Court erred in imposing an enhanced term of incarceration based on postplea acts committed by defendant. "[T]o satisfy due process, a sentencing court must, prior to imposing the prison alternative pursuant to a plea agreement, conduct an inquiry sufficient to conclude that a violation of the plea agreement occurred" (*People v Valencia*, 3 NY3d 714, 715; *see People v Outley*, 80 NY2d 702, 713), and the court made the requisite inquiry here (*see Valencia*, 3 NY3d at 715; *People v McGrath*, 67 AD3d 1475, 1476, *lv denied* 14 NY3d 803). We reject defendant's further contention that the sentence is unduly harsh or severe. Finally, defendant failed to preserve for our review his contention that the sentence imposed constituted cruel and unusual punishment (*see People v Rogers*, 63 AD3d 1631, *lv denied* 13 NY3d 745, 749; *People v Clark*, 61 AD3d 1426, 1427, *lv denied* 12 NY3d 913) and, in any event, that contention lacks merit (*see People v Holmquist*, 5 AD3d 1041, *lv denied* 2 NY3d 800).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court