# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1268**
**KA 07-02652**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LUCIOUS PETERS, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 10, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see People v Roberts*, 64 AD3d 796, 797; *see generally People v Bleakley*, 69 NY2d 490, 495). Further, "inasmuch as our independent review of the evidence reveals that a different verdict would have been unreasonable," we conclude that the verdict is not against the weight of the evidence (*People v Johnson*, 24 AD3d 803, 804; *see generally Bleakley*, 69 NY2d at 495). We reject defendant's contention that County Court erred in refusing to suppress the statements that he made to police investigators. "The deception used by the police was not so fundamentally unfair as to deny [defendant] due process . . ., nor did it create a substantial risk that defendant might falsely incriminate himself" (*People v Kithcart*, 85 AD3d 1558, 1559, *lv denied* 17 NY3d 818 [internal quotation marks omitted]). By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his further contention that such ruling constituted an abuse of discretion (*see People v Walker*, 66 AD3d 1331, *lv denied* 13 NY3d 942), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Insofar as the contention of defendant that he was denied effective assistance of counsel involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article

440 (*see People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927).  To the extent that defendant's contention is properly before us, we conclude that it is lacking in merit (*see generally People v Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court