# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

403

KA 08-01439

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RICHARD G. KIRK, SR., DEFENDANT-APPELLANT.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (PAUL V. MULLIN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

RICHARD G. KIRK, SR., DEFENDANT-APPELLANT PRO SE.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (James W.
McCarthy, J.), rendered March 19, 2008.  The judgment convicted
defendant, upon a jury verdict, of criminal sexual act in the first
degree (4 counts), sexual abuse in the first degree (11 counts),
sexual abuse in the second degree (4 counts) and endangering the
welfare of a child (6 counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law and as a matter of discretion in the
interest of justice by reversing those parts convicting defendant of
endangering the welfare of a child under counts 11-14 and 35-36 of the
indictment and dismissing those counts and by reversing those parts
convicting defendant of criminal sexual act in the first degree under
counts 2-4, sexual abuse in the first degree under counts 5-6, 19-20,
22 and 24 and sexual abuse in the second degree under counts 7 and 26-
27 and dismissing those counts without prejudice to the People to re-
present any appropriate charges under those counts of the indictment
to another grand jury, and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of 4 counts of criminal sexual act in the first
degree (Penal Law § 130.50 [3], [4]), 11 counts of sexual abuse in the
first degree (§ 130.65 [3]), 4 counts of sexual abuse in the second
degree (§ 130.60 [2]), and 6 counts of endangering the welfare of a
child (§ 260.10 [1]).  Viewing the evidence in light of the elements
of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d
342, 349), we reject defendant's contention that the verdict is
against the weight of the evidence (*see generally People v Bleakley*,
69 NY2d 490, 495).  "[R]esolution of issues of credibility, as well as
the weight to be accorded to the evidence presented, are primarily

questions to be determined by the jury . . ., and the testimony of the [witnesses] with respect to the [disclosure of the sexual abuse] was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

We reject defendant's further contention that County Court erred in permitting testimony concerning child sexual abuse accommodation syndrome (CSAAS) inasmuch as "[t]he expert witness who testified with respect to CSAAS provided only a general explanation of the possible behaviors demonstrated by a victim of child sexual abuse, and [she] did not impermissibly offer an opinion on the issue whether defendant had committed the sex crimes charged in the indictment" (*People v Wallace*, 60 AD3d 1268, 1270, *lv denied* 12 NY3d 922; *see People v Carroll*, 95 NY2d 375, 387).  Contrary to defendant's contention, we conclude that the testimony of his accomplice, who was his girlfriend and the mother of the victims, was sufficiently corroborated by other evidence tending to connect defendant to the commission of the crimes (*see generally People v Reome*, 15 NY3d 188, 191-192).

Defendant also contends that his original defense counsel was ineffective in failing to seek dismissal of counts 11-14 and 35-36 of the indictment, charging him with endangering the welfare of a child, as well as counts 25-28 of the indictment, charging him with sexual abuse in the second degree, because those counts were time-barred.  Addressing first counts 25-28, we conclude that defendant's contention is academic to the extent that it is premised upon the failure of original defense counsel to seek dismissal of counts 25 and 28 inasmuch as those counts were dismissed during trial.  To the extent that defendant's contention is premised upon the failure of original defense counsel to seek dismissal of counts 26 and 27, we conclude that it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Peters*, 90 AD3d 1507, 1508; *see also* CPL 30.10 [2] [c], [3] [f]).

Addressing next counts 11-14 and 35-36, we note that the People do not dispute that those counts are governed by a two-year statute of limitations (*see* CPL 30.10 [2] [c]) and should have been dismissed as time-barred.  We therefore modify the judgment accordingly.  Under the circumstances of this case, however, we further conclude that defendant was not thereby deprived of effective assistance of counsel (*see People v Wise*, 49 AD3d 1198, 1200, *lv denied* 10 NY3d 940, 966).  To the extent that the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel is based on matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440 (*see e.g. Peters*, 90 AD3d at 1508; *People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927), and we conclude on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We also conclude that there is no merit to the contention of defendant in his main and pro se supplemental briefs that his

indelible right to counsel had attached before he made statements to a police investigator. "The indelible right to counsel attaches in two situations: 'upon the commencement of formal proceedings, whether or not the defendant has actually retained or requested a lawyer . . . [, and] where an uncharged individual has actually retained a lawyer in the matter at issue or, while in custody, has requested a lawyer in that matter' " (*People v Foster*, 72 AD3d 1652, 1653, *lv dismissed* 15 NY3d 750, quoting *People v West*, 81 NY2d 370, 373-374; *see People v Lopez*, 16 NY3d 375, 380). Contrary to defendant's contention, the indelible right to counsel did not attach by virtue of an attorney-client relationship defendant had in a Family Court proceeding at that time. "[W]hile an attorney-client relationship formed in one criminal matter may sometimes bar questioning in another matter in the absence of [defense] counsel . . ., a relationship formed in a civil matter is not entitled to the same deference" (*People v Lewie*, 17 NY3d 348, 361; *see Foster*, 72 AD3d at 1653-1654). "We further conclude that the determination of the court to credit the testimony of the police officers that defendant did not invoke his right to counsel before signing the [written statements in question] is entitled to deference . . ., and we see no basis to disturb that determination" (*People v Alexander*, 51 AD3d 1380, 1382, *lv denied* 11 NY3d 733; *see generally People v Prochilo*, 41 NY2d 759, 761-762).

We reject the further contention of defendant in his main brief that his written statements to the police were involuntary and that the court therefore erred in refusing to suppress them. " 'The voluntariness of a confession is to be determined by examining the totality of the circumstances surrounding the confession' " (*People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886, 887; *see also People v Kithcart*, 85 AD3d 1558, 1559, *lv denied* 17 NY3d 818) and, here, the record of the suppression hearing supports the court's determination that the statements at issue were not rendered involuntary by reason of any alleged coercion by the police (*see People v Peay*, 77 AD3d 1309, 1310, *lv denied* 15 NY3d 955; *see generally Prochilo*, 41 NY2d at 761-762).

Defendant's remaining contentions are raised in his pro se supplemental brief. Although defendant's contention that the indictment was duplicitous on its face is not preserved for our review (*see People v Becoats*, 17 NY3d 643, 650-651), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see People v Bracewell*, 34 AD3d 1197, 1198). Counts 2-7, 19-22, 24 and 26-27 of the indictment charged defendant with various crimes and alleged that defendant committed one act "and/or" a second act in furtherance of a single charge. We reject defendant's contention that those counts are duplicitous based on the language "and/or" (*see People v McGuire*, 152 AD2d 945, 945, *lv denied* 74 NY2d 849). We conclude, however, that counts 2-7, 19-20, 22, 24 and 26-27 "were rendered duplicitous by the trial evidence tending to establish the commission of [multiple] criminal acts during the time period[s] specified [with respect to those counts]" (*People v Bennett*, 52 AD3d 1185, 1186, *lv denied* 11 NY3d 734; *see generally People v Keindl*, 68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823). We therefore further

modify the judgment by reversing those parts convicting defendant of criminal sexual act in the first degree under counts 2-4, sexual abuse in the first degree under counts 5-6, 19-20, 22 and 24 and sexual abuse in the second degree under counts 7 and 26-27 of the indictment and dismissing those counts without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury (*see Bennett*, 52 AD3d at 1186; *Bracewell*, 34 AD3d at 1198-1199).

To the extent that defendant preserved for our review his further contention that the indictment gave unreasonably excessive time frames for the alleged offenses (*see generally People v Soto*, 44 NY2d 683, 684), we conclude that it lacks merit. In view of the young ages of the victims and what the record indicates was a delay of approximately two years in reporting the crimes, the time periods specified in the indictment with respect to the single-act crimes, i.e., criminal sexual act in the first degree, sexual abuse in the first degree and sexual abuse in the second degree, "provided defendant with adequate notice of the charges against him to enable him to prepare a defense" (*People v Coapman*, 90 AD3d 1681, 1682; *see generally People v Morris*, 61 NY2d 290, 295-296). Although we have dismissed the counts charging defendant with endangering the welfare of a child, we note that endangering the welfare of a child is a continuing crime (*see People v Furlong*, 4 AD3d 839, 841, *lv denied* 2 NY3d 739), and thus "the usual requirements of specificity with respect to time do not apply" to those counts (*People v Green*, 17 AD3d 1076, 1077, *lv denied* 5 NY3d 789).

Defendant's contention that he was denied a preliminary hearing is of no moment. " '[T]here is no constitutional or statutory right to a preliminary hearing . . ., nor is it a jurisdictional predicate to indictment' " (*People v Caswell*, 56 AD3d 1300, 1302, *lv denied* 11 NY3d 923, 12 NY3d 781) and, even assuming, arguendo, that defendant was denied a preliminary hearing, we conclude that the failure to hold such a hearing does not require dismissal of the indictment or a new trial (*see People v Bensching*, 117 AD2d 971, 972, *lv denied* 67 NY2d 939; *see also People v Russ*, 292 AD2d 862, *lv denied* 98 NY2d 713, 99 NY2d 539). In addition, there is no merit to the contention of defendant that he was denied his right to testify before the grand jury. Pursuant to CPL 190.50 (5) (a), a defendant "has a right to be a witness in a grand jury proceeding . . . if, prior to the filing of any indictment . . . in the matter, he serves upon the district attorney of the county a written notice making such request . . . ." "In order to preserve [that] right[] . . ., a defendant must assert [it] at the time and in the manner that the Legislature prescribes" (*People v Bailey*, 90 AD3d 1664, 1665 [internal quotation marks omitted]). "The requirements of CPL 190.50 are to be 'strictly enforced' " (*id.*) and, here, we conclude that defendant did not invoke his right to testify before the grand jury pursuant to that statute. Defendant's contention with respect to alleged juror misconduct concerns matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Carlisle*, 50 AD3d 1451, 1451, *lv denied* 10 NY3d 957).

Defendant's further contention that he was deprived of a fair trial based on prosecutorial misconduct is not preserved for our review (*see* CPL 470.05 [2]).  In any event, that contention lacks merit.  We agree with defendant that, " '[i]n the face of a prosecutor's knowledge that a witness'[s] testimony denying that a promise of leniency was given is false, he or she has no choice but to correct the misstatement and to elicit the truth' " (*People v Hendricks*, 2 AD3d 1450, 1451, *lv denied* 2 NY3d 762, quoting *People v Piazza*, 48 NY2d 151, 162-163; *see People v Morrice*, 61 AD3d 1390, 1391).  Here, however, there is no evidence that defendant's accomplice mischaracterized the terms of her plea agreement or that the prosecutor elicited false testimony.  Contrary to defendant's contention, the prosecutor did not impermissibly bolster the testimony of prior witnesses in eliciting testimony from an expert witness with respect to CSAAS.  "[I]t is not uncommon for courts to permit expert testimony on . . . the behavior of . . . victim[s] of sexual abuse" (*People v Jerge*, 90 AD3d 1486, 1488), and the testimony of the expert witness "was properly introduced to explain the hesitancy of child abuse victims to disclose the abuse" (*People v Donk*, 259 AD2d 1018, 1019, *lv denied* 93 NY2d 924; *see People v Staples*, 61 AD3d 1418, 1418, *lv denied* 13 NY3d 800).  We conclude that there is no merit to defendant's contention with respect to the remaining alleged instance of prosecutorial misconduct.

"[D]efendant failed to preserve for our review his contention that the sentence imposed constituted cruel and unusual punishment" (*People v Verbitsky*, 90 AD3d 1516; *see People v Rogers*, 63 AD3d 1631, *lv denied* 13 NY3d 745, 749; *People v Clark*, 61 AD3d 1426, 1427, *lv denied* 12 NY3d 913).  In any event, that contention is without merit (*see Verbitsky*, 90 AD3d 1516).  Finally, we have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that they are without merit.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court