# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

583
KA 13-01650
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TIGE BILLINGSLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 19, 2013. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree, burglary in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [12]), defendant contends that the evidence is legally insufficient with respect to two elements of that crime, i.e., his age and the physical injury sustained by the victim. Because defendant's motion for a trial order of dismissal was not " 'specifically directed' at th[ose] alleged error[s]," defendant failed to preserve his contention for our review (*People v Gray*, 86 NY2d 10, 19). To the extent that defendant preserved for our review his challenge to the sufficiency of the corroboration of the accomplice testimony, we reject that challenge. The victim's equivocal in-court identification "was sufficient to satisfy the minimal requirements of the accomplice corroboration statute" (*People v Jones*, 85 NY2d 823, 825).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Indeed, based upon our independent review of the evidence, we conclude that a different verdict would have been unreasonable (*see People v Peters*, 90 AD3d 1507, 1508, *lv denied* 18 NY3d 996; *see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that he was denied

effective assistance of counsel based on defense counsel's failure to move for severance.  It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  We conclude that a motion for severance of counts of the indictment had little or no chance of success (*see* CPL 200.20 [2] [b]).

Defendant's remaining contention involves matters that are outside the record on appeal and must be raised by way of a motion pursuant to CPL 440.10 (*see People v Fox*, 124 AD3d 1252, 1253).

Entered:  May 8, 2015                              Frances E. Cafarell
                                                  Clerk of the Court