People v DeJesus (2022 NY Slip Op 03584)

People v Dejesus

2022 NY Slip Op 03584

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

59 KA 18-02092

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GIANNI DEJESUS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI P. RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 

 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered July 11, 2018. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree (two counts) and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, three through five and seven of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), robbery in the second degree (§ 160.10 [1]), two counts of grand larceny in the fourth degree (§ 155.30 [1], [5]), and menacing in the second degree (§ 120.14 [1]).
Defendant's challenge to the legal sufficiency of the evidence with respect to the conviction of grand larceny under count four of the indictment is not preserved for our review inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' " at the alleged error (People v Gray, 86 NY2d 10, 19 [1995]; see People v Hildreth, 199 AD3d 1366, 1367 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes of which he was convicted as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant that County Court erred in permitting the People to introduce under People v Molineux (168 NY 264 [1901]) evidence of defendant's alleged involvement in a burglary of the victim's home that occurred three days prior to the instant offenses as evidence that defendant intended to commit the instant offenses. "[T]he familiar Molineux rule states that evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot be logically connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559 [2012]). " '[W]hile such evidence may be marginally relevant to the question of the accused's guilt, its probative value is deemed to be outweighed by its potential for prejudice, and, accordingly, the evidence is excluded as a matter of judicial policy' " (id.). "Evidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" (People v Alvino, 71 NY2d 233, 242 [1987]; see generally People v Bradley, 20 NY3d 128, 133-134 [2012]).
With respect to the counts of robbery in the first and second degrees, "[t]he applicable culpable standard—intent—require[s] evidence that, in using or threatening physical force, [the] defendant's conscious objective was either to compel [the] victim to deliver up property or to prevent or overcome resistence to the taking or retention thereof" (People v Gordon, 23 NY3d [*2]643, 650 [2014] [internal quotation marks omitted]). Here, evidence that defendant may have been involved in an earlier burglary of the victim's home was not necessary for the jury to infer that, three days later, defendant had the intent to rob the victim. Rather, defendant's intent to forcibly steal property can be inferred from the victim's testimony that defendant, while wielding a baseball bat, directed him to comply with the demands of an unidentified masked gunman to turn over money and property. Under those circumstances, any probative value of the evidence of the prior burglary "is outweighed by its potential for prejudice" (Cass, 18 NY3d at 559). For the same reason, defendant's "intent to deprive another of property" (Penal Law § 155.05 [1]) as required for a conviction of grand larceny in the fourth degree (§ 155.30 [1], [5]), or intent "to place another person in reasonable fear of physical injury, serious physical injury or death" as required for a conviction of menacing in the second degree (§ 120.14 [1]) could likewise be easily inferred from the victim's testimony describing defendant's conduct during the alleged crimes. We further conclude that the error is not harmless (see People v Powell, 152 AD2d 918, 919 [4th Dept 1989]; cf. People v Case, 197 AD3d 985, 986 [4th Dept 2021], lv denied 37 NY3d 1160 [2021]; People v Bounds, 100 AD3d 1523, 1524 [4th Dept 2012], lv denied 20 NY3d 1096 [2013]). Here, there is little physical evidence linking defendant to the robbery, and the victim's credibility was undermined during cross-examination. Thus, "[t]he evidence [of defendant's guilt is] not overwhelming" (People v Coffie, 192 AD3d 1641, 1642 [4th Dept 2021], lv denied 37 NY3d 963 [2021]) and, "[a]s a matter of first principle, 'unless the proof of the defendant's guilt . . . is overwhelming, there is no occasion for consideration of any doctrine of harmless error' " (People v J.L., 36 NY3d 112, 124 [2020], quoting People v Crimmins, 36 NY2d 230, 241 [1975]). We therefore reverse the judgment and grant a new trial on counts one, three through five and seven of the indictment. Further, although our determination that the court erred with respect to the admission of the evidence of the prior burglary is dispositive, because there will be a new trial in this case, we are compelled to note that it was also error for the court to allow the People to introduce evidence of defendant's alleged use of gang signs during the robbery (see generally Alvino, 71 NY2d at 242).
In light of our determination, we do not address defendant's remaining contentions.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court